## ELLETT v. BOBB.

When a person hires a slave for a certain time, and agrees to return the slave at the end of that time, and the slave, in the mean time, runs away, without the fault of the hirer, who has used due diligence to prevent the escape, and retake the slave, but without success, he will only be liable for the hire, and not for the return of the slave.

Error to the circuit court of St. Louis county.

*Gamble for Pl'ff in error.*

The contract in this case *being expressly to pay the money and return the slave,* the obligor must perform his contract. Chitty on contracts 273. Comyn on landlord and tenant 113.

V

MAY TERM
1840

Ellett
vs.
Bob.

*B. Allen for Def't in error.*

It is insisted on part of def't. in error, that the demurrers were rightly overruled. Wheeler's law of slavery pages 152-3-4-5-9. Story on Bailments 225-250-9, 274. Boyce vs. Anderson 2 Peters Rep. 150. Chitty on con. 273. Story on Bail. 265, 263, 269, 273.

*Opinion of the Court delivered by Tompkins Judge.*

William R. Ellett brought his action against Charles M. Bob in the circuit court of St. Louis county, where judgment being given against him, he brings the case into this court to reverse the judgment.

Ellett, in his declaration, states, that the defendant, on the second day of January 1837, made his certain agreement in writing, by which he promised to 'pay the plaintiff, on, or before the 25th day of December then next, the sum of one hundred and sixty five dollars and fifty cents, for the hire of a negro boy; and that the said defendant, by his said agreement, further promised the said plaintiff, that the said negro should be returned to the plaintiff on the said 25th day of December; and then the plaintiff assigns as a breach, that the defendant had not paid the said money, or any part thereof, and that he had not returned the said negro to the plaintiff.

To this declaration the defendant pleaded, that on the 5th day of May 1837, without any fault of the defendant, the said negro ran away, and did not return to the said defendant before the 25th day of December, or any time since, &c. and also, as to the breach of the said agreement in not paying to the plaintiff the said sum of money, that he did not undertake and promise, &c., and as to the breach of the agreement in not returning the said negro, that the negro ran away as in the first plea stated. To these special pleas the plaintiff demurred, and the court sustained the pleas demurred to.

On the part of the plaintiff it is contended, that when, by his own special agreement, the defendant undertakes to do an act, it is his own fault if he does not provide against contingencies. As in the case of an express contract to

repair generally, made by a tenant, he is bound to repair though the building be destroyed by fire.

On the part of the defendant in error it is contended that, this being a peculiar kind of property, the defendant should not be deemed to have covenanted to restore the negro in case, he ran away without the fault of the defendant. Story on Bailments is relied on, pages 152-3-4-5-9. To this opinion I incline. The defendant could not have the use of the negro without leaving him at liberty; and for the assurance of the nergo's health and comfort. so much indulgence is necessary as to leave it in his power to escape, if he be so inclined. All that could reasonably be expected from the bailee of a slave is, that he will pay such attention to prevent escapes, and to retake one that has escaped, as a diligent master would use in case his own slave had made his escape: among other things necessary to be done by the bailee, would always, perhaps, be the duty of informing the bailor. But I am inclined to believe that good policy would require that, in all cases of slaves running away from the bailee, he ought to pay the hire, if the conduct of the bailor had been fair. Such is the opinion of every member of this court. The defendant then must in the opinion of this court pay the hire of the negro in this case. But a good plea in bar to the promise to return the negro on the 25th of December 1837, may be framed by making proper averments, as, that the negro ran away without his fault; that he used due diligence to prevent an escape, and to retake him; but the bailee could not be reasonably required to use the extreme diligence that the owner might be disposed to use, to retake a runaway; nor to encounter as great expense, in case the negro should succeed in escaping into a distant country.

The judgment of the circuit court must be reversed, and the cause remanded, for further proceedings in conformity to this opinion.

*Where a person hires a slave for a certain time, and agrees to return the slave at the end of that time, and the slave, in the mean time, runs away, without the fault of the hirer, who has used due diligence to prevent the escape, and retake the slave but without success, he will only be liable for the hire, and not for the return of the slave.*